IN THE STATE COURT OF RICHMOND COUNTY
STATE OF GEORGIA

WILLIAM KENNEY,

    Plaintiff,

vs.

BRIGGS & STRATTON CORPORATION, D/B/A TROY – BILT, LLC, TROY –BILT, LLC, AND LOWE'S HOME CENTERS, LLC

    Defendants.

CIVIL ACTION

FILE NO.: 2016 RCSC 678

## SUMMONS

**TO THE ABOVE NAMED DEFENDANTS:**

You are hereby summoned and required to file with the Clerk of the Court, 735 James Brown Boulevard, Suite 1500, Augusta, Georgia 30901 and serve upon the Plaintiff's attorney, whose name and address is:

William G. Hammill, Esq.
Office of Kenneth S. Nugent, P.C.
4227 Pleasant Hill Road, Building 11, Suite 300
Duluth, Georgia 30096
(770) 495-6603

an answer to the complaint which is herewith served upon you within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 6th day of June, 2016.

Clerk of State Court

By: Sherry Cook
Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

COCSC-1 Revised 12-99

IN THE STATE COURT OF RICHMOND COUNTY
STATE OF GEORGIA

WILLIAM KENNEY,

    Plaintiff,

vs.

BRIGGS & STRATTON CORPORATION,
D/B/A TROY – BILT, LLC, TROY –BILT,
LLC, AND LOWE'S HOME CENTERS,
LLC

    Defendants.

CIVIL ACTION

FILE NO.: 2016 RCSC 498

DAVID D. WATKINS

## COMPLAINT FOR DAMAGES

COMES NOW William Kenney, Plaintiff in the above styled action, by and through the undersigned counsel, Kenneth S. Nugent, P.C., and hereby files this, his Complaint (the "Complaint") against Defendants Briggs & Stratton Corporation d/b/a/ Troy-Bilt, LLC, and Lowe's Home Centers, LLC, shows this Honorable Court as follows:

1.

Plaintiff William Kenney ("Plaintiff") is a resident of the State of Georgia and is currently residing at 2916 Arrowwood Circle, Hepzibah, Georgia 30815. For purposes of the instant action, Plaintiff subjects himself to the jurisdiction and venue of this Court.

2.

Defendant Briggs & Stratton Corporation d/b/a Troy-Bilt, LLC ("Defendant Briggs") is now and was at all times material to this Complaint a corporation registered to do business in the state of Georgia and can be served with the Summons and Complaint through its registered agent Corporation Service Company at 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

3.

Defendant Lowe's Home Centers, LLC ("Defendant Lowe's") is a corporation registered to do business in the state of Georgia and can be served with the Summons and Complaint through its registered agent Corporation Service Company at 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

4.

Defendant Troy-Bilt, LLC ("Defendant Troy-Bilt") is a corporation registered to do business in the state of Ohio and can be served with the Summons and Complaint through its registered agent CT Corporation System at 1300 East Ninth Street, Cleveland, Cuyahoga County, Ohio 44114. Troy-Bilt is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A §§ 9-10-91 and 9-10-93 respectively.

5.

Defendants are subject to the jurisdiction and venue of this Court.

## SUMMARY OF FACTS

6.

On or about June 13, 2014, Plaintiff was using a Troy-Bilt #020489 model pressure washer at a Circle K gas station, located at 2574 Tobacco Road, Hephzibah, Richmond County, Georgia 30815.

7.

On or about said time and place, Plaintiff was using the pressure washer when the hose failed and shot high pressure water and cleaning solution into his hand.

8.

Plaintiff suffered severe injuries and incurred medical expenses exceeding $36,000.00.

## COUNT I-
## NEGLIGENCE AND STRICT LIABILITY OF DEFENDANT BRIGGS

9.

Plaintiff re-incorporates and re-alleges Paragraphs 1-8 of this complaint as fully set forth herein in their entirety.

10.

Defendant Briggs manufactured the motor and hose of the Troy-Bilt #020489 model pressure washer which was operated by Plaintiff.

11.

Defendant Brigg manufactured an unsafe pressure washer.

12.

As a direct and proximate result of the incident, Plaintiff sustained severe injuries to his left hand.

13.

Defendant Briggs's negligent action was one of the direct and proximate causes of the incident. Defendant Briggs is strictly liable because the hose was defective in its design, including the insufficiency of its overall design and the materials selected or specified for use in making same. The pressure washer was incapable of performing its intended function when used for its intended purpose in a foreseeable and proper manner, without failing, rupturing or bursting. This condition created an unreasonably dangerous condition as pressurized water was unexpectedly released in an unintended manner.

14.

Defendant Briggs is further strictly liable because the hose was defective in its manufacture, in that it was incapable of performing its intended function, when used for its intended purpose in a foreseeable and proper manner without failing, rupturing or bursting. This condition created an unreasonably dangerous condition as pressurized water was unexpectedly released in an unintended manner, resulting in injury to Mr. Kenney.

15.

Defendant Briggs is further strictly liable for failing to adequately and appropriately warn consumers and users of the defective conditions in the product as described herein. In the absence of appropriate warnings and instructions, consumers and users are unnecessarily exposed to being injured when the product is used for its intended purpose in a foreseeable and proper manner and the pressurized hose fails, ruptures, or bursts, thereby creating an unreasonably dangerous condition when pressurized water is unexpectedly released in an unintended manner.

16.

Defendant Briggs is liable for negligently marketing and distributing a product that was defective in its design because it was unsafe for the use for which it was manufactured and sold.

17.

The aforesaid incident was not the result of any negligence on the part of Plaintiff or any person other than the Defendants.

18.

As a result of the injuries Plaintiff sustained in the incident, he has incurred significant past, present, and future physical and mental pain and suffering as well as extensive special damages, all of which will be itemized by appropriate amendment to these pleadings.

19.

Defendant Briggs is therefore liable to Plaintiff for special and general damages in an amount to be proven by evidence at trial.

## COUNT II-
## NEGLIGENCE AND STRICT LIABILITY OF DEFENDANT TROY-BILT

20.

Plaintiff re-incorporates and re-alleges Paragraphs 1-19 of this complaint as fully set forth herein in their entirety.

21.

Defendant Troy-Bilt assembled all of the parts of the Troy Bilt #020489 model pressure washer.

22.

Defendant Troy-Bilt assembled unsafe and defective parts of the pressure washer.

23.

As a direct and proximate result of the incident, Plaintiff sustained severe injuries to his left hand.

24.

Defendant Troy-Bilt's negligent actions were one of the direct and proximate causes of the incident. Defendant Troy-Bilt is strictly liable because the hose was defective in its design, including the insufficiency of its overall design and the materials selected or specified for use in making the same. The pressure washer was incapable of performing its intended function when used for its intended purpose in a foreseeable and proper manner, without failing, rupturing or bursting.

This condition created an unreasonably dangerous condition as pressurized water was unexpectedly released in an unintended manner.

25.

Defendant Troy-Bilt is further strictly liable because the hose was defective in its manufacture, in that it was incapable of performing its intended function, when used for its intended purpose in a foreseeable and proper manner without failing, rupturing or bursting. This condition created an unreasonably dangerous condition as pressurized water was unexpectedly released in an unintended manner, resulting in injury to Mr. Kenney.

26.

Defendant Troy-Bilt is further strictly liable for failing to adequately and appropriately warn consumers and users of the defective conditions in the product as described herein. In the absence of appropriate warnings and instructions consumers and users are unnecessarily exposed to being injured when the product is used for its intended purpose in a foreseeable and proper manner and pressurized hose fails, ruptures, or bursts, thereby creating an unreasonably dangerous condition when pressurized water is unexpectedly released in an unintended manner.

27.

Defendant Troy-Bilt is liable for negligently marketing and distributing a product that was defective in its design because it was unsafe for the use for which it was manufactured and sold.

28.

The aforesaid incident was not the result of any negligence on the part of Plaintiff or any person other than the Defendants.

29.

As a result of the injuries Plaintiff sustained in the incident, he has incurred significant past, present, and future physical and mental pain and suffering as well as extensive special damages, all of which will be itemized by appropriate amendment to these pleadings.

30.

Defendant Troy-Bilt is therefore liable to Plaintiff for special and general damages in an amount to be proven by evidence at trial.

## COUNT III-
## NEGLIGENCE AND STRICT LIABILITY OF DEFENDANT LOWES

31.

Plaintiff re-incorporates and re-alleges Paragraphs 1-30 of this complaint as fully set forth herein in their entirety.

32.

Defendant Lowe's sold the Troy Bilt #020489 model pressure washer.

33.

At said time and place, Defendant Lowe's sold an unsafe and defective pressure washer.

34.

As a direct and proximate result of the incident, Plaintiff sustained severe injuries to his left hand.

35.

Defendant Lowe's negligent actions were one of the direct and proximate causes of the incident. Defendant Lowe's is strictly liable because the hose was defective in its design, including the insufficiency of its overall design and the materials selected or specified for use in making same.

7

The pressure washer was incapable of performing its intended function when used for its intended purpose in a foreseeable and proper manner, without failing, rupturing or bursting. This condition created an unreasonably dangerous condition as pressurized water was unexpectedly released in an unintended manner.

36.

Defendant Lowe's is further strictly liable because the hose was defective in its manufacture, in that it was incapable of performing its intended function, when used for its intended purpose in a foreseeable and proper manner without failing, rupturing or bursting. This condition created an unreasonably dangerous condition as pressurized water was unexpectedly released in an unintended manner, resulting in injury to Mr. Kenney.

37.

Defendant Lowe's is further strictly liable for failing to adequately and appropriately warn consumers and users of the defective conditions in the product as described herein. In the absence of appropriate warnings and instructions consumers and users are unnecessarily exposed to being injured when the product is used for its intended purpose in a foreseeable and proper manner and pressurized hose fails, ruptures, or bursts, thereby creating an unreasonably dangerous condition when pressurized water is unexpectedly released in an unintended manner.

38.

Defendant Lowe's is liable for negligently marketing and distributing a product that was defective in its design because it was unsafe for the use for which it was manufactured and sold.

39.

The aforesaid incident was not the result of any negligence on the part of Plaintiff or any person other than the Defendants.

40.

As a result of the injuries Plaintiff sustained in the incident, he has incurred significant past, present, and future physical and mental pain and suffering as well as extensive special damages, all of which will be itemized by appropriate amendment to these pleadings.

41.

Defendant Lowe's is therefore liable to Plaintiff for special and general damages in an amount to be proven by evidence at trial.

42.

Defendants are therefore liable to Plaintiff for special and general damages in an amount to be proven by evidence at trial.

**WHEREFORE**, Plaintiff prays that he have judgment against Defendants as follows:

(a) that summons issue and service be perfected upon Defendants requiring them to appear before this Court and answer this Complaint for Damages;

(b) for general damages in an amount to be determined by the enlightened conscience of an impartial jury;

(c) for special damages in an amount to be proven by evidence at trial;

(d) for costs and expenses of this litigation;

(e) for any and all other and further relief that this Court deems just and proper under the circumstances; and

(f) for a trial by jury on all issues so triable.

Respectfully submitted this 3rd day of June, 2016.

[Signature Page Follows]

KENNETH S. NUGENT, P.C.

/s/ William G. Hammill
William G. Hammill
Georgia State Bar No.: 943334
Attorney for Plaintiff

4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, Georgia 30096
T: (770) 495-6603
F: (770) 495-6798
whammill@attorneykennugent.com