IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIAM KENNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-113 |
| | ) | |
| BRIGGS & STRATTON | ) | |
| CORPORATION, d/b/a Troy-Bilt, LLC; | ) | |
| TROY-BILT, LLC; and | ) | |
| LOWE'S HOME CENTERS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

_____

In consideration of the record and oral argument at the November 1, 2016 hearing, the

Court **REPORTS** and **RECOMMENDS** this case be **REMANDED** to the State Court of

Richmond County based on lack of subject-matter jurisdiction and this civil action be

**CLOSED**.

## I.   BACKGROUND

Raising claims of negligence and strict liability, Plaintiff alleges Defendants are liable

for severe injuries to his hand suffered while using a Troy-Bilt #020489 model pressure

washer on June 13, 2014, at a Circle K gas station in Hephzibah, Richmond County, Georgia.

(See doc. no. 1-1, Compl.)  Plaintiff alleges he "was using the pressure washer when the hose

failed and shot high pressure water and cleaning solution into his hand."  (Id. ¶ 7.)  Plaintiff

further alleges he suffered severe injuries as a result of the incident and seeks "past, present,

and future physical and mental pain and suffering as well as extensive special damages." (Id. ¶¶ 18, 29, 40.)  Plaintiff claims entitlement to "special and general damages in an amount to be proven by evidence at trial." (Id. ¶¶ 19, 30, 41.)

Plaintiff filed the Complaint in the State Court of Richmond County, and Defendants filed their Petition for Removal on July 15, 2016, based on diversity of citizenship and an amount in controversy greater than $75,000.  (Doc. no. 1, p. 4.)  Defendants premised the removal on the statement in the Complaint that Plaintiff's severe injuries have caused him to incur "medical expenses exceeding $36,000.00," and Plaintiff's non-specific assertion of damages for "significant past, present, and future physical and mental pain and suffering as well as extensive special damages." (Compl. ¶¶ 8, 18, 29, 40.)

On October 6, 2016, this Court issued an Order setting a hearing on October 17, 2016, to allow Defendants to introduce evidence as to the amount in controversy, finding the allegations in the Petition for Removal to be insufficient for this Court to assume jurisdiction. (Doc. no. 10.)  At the joint request of the parties, the Court continued the hearing until November 1, 2016.  (Doc. nos. 14, 15.)  Prior to the November 1st hearing, the parties filed a joint Stipulation stating "that the amount in controversy in this matter is greater than $75,000.00 in damages of whatever kind for the causes of action asserted in the above-captioned action, and that the case should therefore remain" in this Court.  (Doc. no. 16, p. 1.)  The parties went on to state, "Both parties understand and agree that as a result of entering into this Stipulation this case will remain in federal court." (Id.)

At the hearing, Plaintiff's counsel itemized approximately $36,000 in medical expenses already identified in the Complaint, (Compl. ¶ 8), but could offer no further quantification of damages.  Plaintiff's counsel also acknowledged sending a demand for

$100,000 via email. Defense counsel did not offer additional verification or itemization in support of the contention this case satisfied the amount-in-controversy requirement at the time of removal. Instead, he offered Defendant Briggs & Stratton Corporation's First Request for Admissions to Plaintiff, hand-delivered to counsel on the day of the hearing, in which RFP No. 2 states: "Admit that you are seeking damages in excess of $75,000.00, exclusive of fees and costs, in this matter." Plaintiff's counsel stated on the record Plaintiff will admit such.

## II.     DISCUSSION

Generally, a defendant may remove an action from state court when the federal court would possess original jurisdiction over the subject matter, "except as otherwise expressly provided by an Act of Congress." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). The Court construes the removal statute narrowly. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 766 (11th Cir. 2010).

A removing defendant has the burden to establish federal jurisdiction. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). And the removing party must point to facts, not conclusory allegations, to meet its burden. See Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001). "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." Pretka, 608 F.3d at 751.

Moreover, "[w]here, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in

controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319. Although a defendant need not "banish all uncertainty about" the amount in controversy, the Court requires a removing defendant to make "specific factual allegations establishing jurisdiction [that can be supported] . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Pretka, 608 F.3d at 754. That is, the existence of jurisdiction should not be "divined by looking to the stars." Lowery, 483 F.3d at 1215.

A settlement offer is relevant to determining the amount in controversy but not determinative that the case meets the jurisdictional amount. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994). Likewise, an indeterminate claim for damages is not dispositive but should not be ignored by the Court. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1064 (11th Cir. 2010). Rather, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Id. at 1062 (footnote omitted).

The Court's analysis is also guided by the following cautionary words from the Eleventh Circuit:

> Because jurisdiction cannot be conferred by consent, the district court should be leery of any stipulations the parties offer concerning the facts related to jurisdiction. Given that the parties share the goal of having this case decided in federal court, the district court should be especially mindful of its independent obligation to ensure that jurisdiction exists before federal judicial power is exercised over the merits of the case.

Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1275 (11th Cir. 2000).

Here, Defendants have failed to meet their burden by a preponderance of the evidence to show that the amount in controversy exceeds $75,000. At the hearing, it was undisputed

that the only itemized damages Plaintiff has incurred from the accident amount to approximately $36,000 in medical bills. Thus, in order to meet the jurisdictional requirement, Defendants must demonstrate at least $39,000 in general damages by Plaintiff. Defendants seek to rely on Plaintiff's email demand, a Stipulation, a response to a Request for Admissions served and answered approximately three and one half months after removal, and the ongoing pain and suffering Plaintiff has experienced as a result of the accident to support jurisdiction. However, none of these are sufficient.

In regards to the email demand for $100,000 acknowledged at the hearing, absent itemization or documentation in support, the Court does not view it as reflecting a reasonable estimate of the value of this case. A settlement offer, while not determinative, counts for something. Burns, 31 F.3d at 1097. However, what it counts for depends on whether the offer provides specific information to support Plaintiff's claim for damages and whether it offers a reasonable assessment of the value of the claim. See id.; Golden Apple Mgmt. Co. v. GEAC Computers, Inc., 990 F. Supp. 1364, 1368 (M.D. Ala. 1998); see also Cross v. Wal-Mart Stores, E., LP, No. 7:11-CV-21, 2011 WL 976414, at *2 (M.D. Ga. Mar. 17, 2011) (noting pre-suit demand letters often amount to mere posturing for settlement purposes).

The Stipulation, also devoid of itemization or documentation in support, and its purported "understanding and agreement" that the case will remain in federal court is of no value to this Court's analysis because "jurisdiction cannot be conferred by consent." Morrison, 228 F.3d at 1275. Likewise, the general request for ongoing pain and suffering damages provides no detail or basis upon which the Court can make reasonable deductions, inferences, or other extrapolations. See Pretka, 608 F.3d at 754.

Finally, Defendants rely on Requests for Admissions served on November 1, 2016, nearly three and one-half months after filing the Petition for Removal on July 15, 2016. Plaintiff acknowledges he will admit RFP No. 2: "Admit that you are seeking damages in excess of "$75,000.00, exclusive of fees and costs, in this matter." Defendants rely on Wilson v. Gen. Motors Corp., 888 F.2d 779 (11th Cir. 1989), for the proposition that the RFP is an "other paper" as set forth in the removal statute, 28 U.S.C. § 1446, from which it can be ascertained the case is removable. Wilson, as well as the other district court cases upon which Defendants rely for this same proposition, are inapposite in that those cases are discussing the trigger for the thirty-day deadline to file a notice of removal. See, e.g., Wilson, 888 F.2d at 782; Swicord v. Wal-Mart Stores, Inc., No. 5:09-CV-148, 2009 WL 3063432, at *2-3 (M.D. Ga. Sept. 22, 2009) ("[B]ecause the plaintiff claimed damages in an unspecified amount, the Responses [to the requests for admission] told the Defendants for the first time that the Plaintiff was seeking more than $50,000 in damages. Therefore, the notice of re[m]oval, being filed within thirty days of the defendants' receipt of the responses to the requests for admission, was timely.")

Defendants have offered nothing to suggest once a case is removed, the Court must accept without question a non-specific, conclusory discovery response filed over three months after removal when examining whether jurisdictional requirements have been met. To the contrary, as explained above, the Court has an "independent obligation" to ensure federal jurisdiction exists. Morrison, 228 F.3d at 1275. Having reviewed the record and listened to the arguments at the hearing, the Court finds little to substantiate an assertion of $39,000 in additional damages based upon ongoing pain and suffering Plaintiff has experienced.

Nor do any other circumstances of the case suggest an additional $39,000 in damages. To the contrary, counsel allowed that quantification of lost wages has not been possible because of the nature of Plaintiff's independent contracting work, and there have been no future medical expenses identified. In any event, because jurisdiction must exist at the time of removal, the possibility of future medical expenses is not determinative. Sinclair v. State Farm Mut. Auto. Ins., No. 2:11-CV-320, 2011 WL 2746823, at *2 (M.D. Fla. July 14, 2011) ("The argument that the expenses will include future medical expenses, past wage loss, future wage loss, and pain and suffering is also irrelevant to the inquiry of whether the amount in controversy was adequate at the time of removal.").

In sum, the Court cannot conclude Defendants have met their burden to show by a preponderance of the evidence the value of this case meets the $75,000 jurisdictional threshold. Indeed, this finding is in line with the conclusions of District Courts within the Eleventh Circuit. See Cobb v. Sanders, CV 116-073, 2016 WL 4197595, at *3 (S.D. Ga. Aug. 9, 2016) (finding no jurisdiction in vehicle accident case with $31,000 in medicals, allegations of general damages, and demand letter for $225,000), *adopted by*, 2016 WL 4582067 (S.D. Ga. Sept. 1, 2016) (Hall, J.); Cross, 2011 WL 976414, at *2 (finding no jurisdiction in slip-and-fall case with $45,000 in medicals, allegations of general damages, and a demand letter for $125,000); Arrington v. Wal-Mart Stores, Inc., No. 7:13-CV-154, 2014 WL 657398, at *1 (M.D. Ga. Feb. 20, 2014) (finding no jurisdiction in slip-and-fall case with $44,000 in medicals and insufficient evidence to calculate future monetary losses); but see Farley v. Variety Wholesalers, Inc., No. 5:13-CV-52, 2013 WL 1748608, at *2 (M.D. Ga. Apr. 23, 2013) (finding jurisdiction in premises liability case with $13,000 in medicals and the possibility of two future surgeries).

### III.  CONCLUSION

Because there is no subject-matter jurisdiction, the Court **REPORTS** and **RECOMMENDS** this action be **REMANDED** to the State Court of Richmond County and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of November, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA